(Decided March 26th, 1895.)

---

## JULIUS GRABRUES *vs.* JACOB KLEIN ET AL.

### *Contributory Negligence.*

In an action to recover damages for an injury alleged to have been caused by the defendant's negligence, the case should not be withdrawn from the jury on the ground of the plaintiff's contributory negligence, when the evidence shows that the plaintiff was walking alongside of his wagon, on a city car track, when defendant's cart, drawn by a mule, but with no driver in sight, approached on the opposite track, and that the mule, when four or five feet distant, turned suddenly out of the track towards the plaintiff, crushing him between the wheel of the cart and his own wagon, and that plaintiff made every effort to get away when the mule turned out of the track, but was unable to do so.

Appeal from the Court of Common Pleas of Baltimore City. The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE, PAGE and ROBERTS, JJ.

*Hyland P. Stewart*, for the appellant.

*Alfred S. Niles* and *Oscar Wolff*, for the appellees.

The evidence shows that plaintiff was walking in the street, either alongside the centre of his wagon or alongside the first wheel, driving his team. His team was going at a walk, and was on the south side of Hillen street, taking up only half of the south car track. The defendants' cart was coming down Hillen street without a driver, also at a walk. When plaintiff first saw defendants' team, it was coming down in the north track, about ten or twelve feet away from him, the mule being a little further away than the head of plaintiff's wheel horse. When plaintiff and defendants' team was "a couple of steps together like," "some four or six feet away," the defendants' "cart came directly across the street and turned into plaintiff," bringing the mule's head right up against plaintiff's wagon, cutting him off from getting out in front. Then the mule grazed by the plaintiff, and plaintiff was caught between the hub of defendants' cart and the rubbing block of his own wagon.

It is not easy to perceive how an adult, healthy man, competent to drive a three-horse team, and used to driving horses, could, under any circumstances, without the grossest negligence on his part, have been run down in broad daylight by a mule going at a walk, and drawing a loaded brick cart. But here the mule came directly towards him, and all he had need to do was to catch his bridle; or hit him with his whip; or take a couple of steps back to a place of safety, perfectly open and unobstructed; or have taken one or two steps to the left. If he had done any of these things, which any ordinarily careful man could not have failed to do, he would never have met with his unfortunate accident.

The whole proximate cause of the accident, was that the plaintiff was walking alongside his wagon, where he could not see what was before him, when he turned a corner, until his team was straightened out, instead of being on his wagon or his wheel horse; because he didn't watch the other teams on the street, and because he did not act like

an ordinarily prudent man when he found the mule "actually grazing him." We do not see how the Court could have done otherwise than grant defendant's prayer.

BRISCOE, J., delivered the opinion of the Court.

This was an action brought in the Court of Common Pleas of Baltimore to recover damages for personal injuries sustained by the appellant, resulting from the negligence of the appellee's servant in driving a cart along the streets of Baltimore. At the conclusion of the plaintiff's evidence the Court instructed the jury that the negligence of the plaintiff directly contributed to the injury, and their verdict must be for the defendants. And it is from the judgment thus entered on the verdict that this appeal is taken. The only question, then, presented by the exception to the prayer is, whether the case should have been submitted to the jury, or whether the facts were so clear and plain as to have justified the Court in pronouncing them contributory negligence as a matter of law. And, as the prayer is in the nature of a demurrer, it becomes necessary to examine the evidence upon which it was based.

The plaintiff testified that at the time of the accident he was on the east-going car track, on Hillen street, driving three horses attached to a farm wagon loaded with manure, and was walking close by the side of his wagon, and only occupying one-half of the east-going track ; that when he first saw the appellee's cart it was about ten or twelve feet from him, coming down the west-bound car track, the cart being loaded with bricks and drawn by a mule, but no driver was in view. He further testified, that when about four or five feet from him, the mule turned directly across the street, catching him between the hub of the wheel of the appellee's cart and the rubbing-block or brake of his own cart, thereby inflicting a serious and permanent injury to his left leg. He also testified, that as soon as he saw the mule and cart coming towards him, he made an effort to avoid the accident ; that he was prevented from advancing to the front, and in endeavor-

ing to escape by trying to step backward was caught and
dragged against the brake or rubbing-block of his wagon.
In the language of the witness, "When I saw the mule
coming towards me I wanted to get out of the way, but
the cart was too close before I could run away." "I tried
to run out of the way, but before I could do so the wheel
caught me." "The mule turned out quickly and cut me
off." He further testified that he was careful and tried to
save himself, but could not do so. The witness, Burns, who
saw the accident, stated that the plaintiff was almost opposite
to him "when the cart pulled out of the track and shied on
the other side and caught the plaintiff."

Now, it was upon these undisputed facts, at the close of
the plaintiff's case, that the Court instructed the jury that
the plaintiff was guilty of such contributing negligence as
would prevent a recovery on his part, notwithstanding the
conceded negligence of the defendants.

Plainly there was error in this instruction as applicable to
the facts presented by the record in this case. "Ordinar-
ily," said this Court, in the recent case of *Peoples' Bank* v.
*Morgolofski*, 75 Md. 441, "the question of negligence is
one for the jury, but sometimes it becomes the duty of the
Court to instruct them, that in spite of the negligence of the
defendant the plaintiff cannot recover. The Court, how-
ever, will never assume this responsibility, unless the case
is a very clear one and presents  *  *  some prominent
and decisive act in regard to the effect and character, of
which no room is left for ordinary minds to differ." And
this has been the uniform current of decisions of the Courts
upon this subject. We fail to find any act on the part of
the plaintiff here that can be relied on as tending to show
such contributing negligence, as warranted the Court in
withdrawing this case from the jury. On the contrary, the
plaintiff testified that he made every effort to avoid the
accident, but could not do it, and this, in connection with
the other testimony, was not sought to be denied, but was
admitted under the pleadings. We are all, then, of the

opinion that this case should not have been withdrawn from the jury, and for this error the judgment will be reversed and a new trial awarded.

> *Judgment reversed and a new trial awarded, with costs in this Court and below.*

Decided March 26th, 1895.)